# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

Thursday, May 22, 2025         1:32 PM

**RECEIVED**

JUN -2 2025

U.S. District Court
Eastern District of MO
Cape Girardeau

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI SOUTHEASTERN DIVISION**

Rachel Dawn; Mclemore
and
Jason Lee; Tackett
Plaintiffs
V.
City of East Prairie, Missouri, et al.,
Defendants

Case No. _____

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS ( 42 U.S.C.1983)**

**I.INTRODUCTION**

This is a civil rights action brought under 42 U.S.C. 1983 and the United States        Constitution to address ongoing violations of Plaintiff's constitutional rights by the City of East Prairie, Missouri, and its agents. Since 2020, Plaintiff Rachel Dawn; Mclemore and Plaintiff Jason·Lee; Tackett  have experienced a persistent pattern of aggressive, arbitrary, and unlawful code enforcement and police actions carried out solely under the authority of city officials and local policy -not state or federal law. These actions include improper and warrantless seizure of Plaintiff's property, threats of property demolition and liens and/or the full extent of the law, repeated denial of due process protections, and harassment by city officials, including false accusations and intimidation.

Despite Plaintiff's numerous request for clear notice, a list of alleged code violations, and supporting evidence, city officials--including code enforcement officer Colin Cecil and police officer Lorie Christian-- have failed to prove basic procedural fairness. Instead, Plaintiffs have faced intimidation, threats, and was nearly arrested simply for reporting the unlawful seizure of Plaintiff's own automobile. These actions have caused significant financial, emotional, and physical harm.

Importantly, these harms arise from the policies and practices of the City of East Prairie and its agents, not from state or federal mandates. The city's code enforcement and police departments act under local ordinances and direction of city officials, as confirmed by public records and the city's own published procedures. Despite changes in city leadership, these local policies remain unchanged, resulting in ongoing deprivation of property rights, lack of transparency, and erosion of public trust.

Plaintiffs note that Congress, through 34 U.S.C. 12601, has recognized the seriousness of patterns or practices of law enforcement misconduct that deprive individuals of constitutional rights. While enforcement of this statute is reserved to the U.S. Department of Justice and does not create a private right of action, its existence underscores the recognized need for systemic reform in cases of repeated constitutional violations by local authorities.

## II. PARTIES

1. Plaintiff, Rachel Dawn; Mclemore, is a resident  of East Prairie, Missouri.
2. Plaintiff, Jason Lee; Tackett, is a resident of East Prairie, Missouri.
3. Defendant, City of East Prairie, is a municipal corporation responsible for the policies and practices challenged in this action. No state or federal entities are named as defendants.
4. Defendant, Colin Cecil , is employed by the City of East Prairie.
5. Defendant, Lorie Christian, is the Chief of Police for East Prairie.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. 1331 and 28 U.S.C. 1343 because this action arises under 42 U.S.C. 1983.
7. Venue is proper 28 U.S.C. 1391 because the events occurred in East Prairie, Mississippi county, Missouri.
8. The Defendant City of East Prairie, and the claims arise from the policies and practices of the city, not the state or federal government.

## IV. FACTUAL ALLEGATIONS

9. Plaintiffs are roommates who own properties at 312 Folk st., 207 Powers st., 309 Herring st., 711 Mitchell St., 714 O'bryan St., and 310 Imogene st. in East Prairie, Missouri.
10. In 2020, on or around the time Lorie Christian became Chief of Police, Plaintiffs began receiving repeated code violations and threats of liens and demolition from the City of East Prairie.
11. On or about October 22nd, 2020, Plaintiff, Rachel Dawn; Mclemore received letter stating the property at 312 Folk St. was condemned for various code violation and threatened with the limits of the law.
12. Plaintiff purchased demo permit on October 28th, 2020 and complied and completed in aloted time frame.
13. On or about May 20th, 2021 Plaintiff received letter stating that if Plaintiff doesn't comply with order penalties will be applied code violation 302.1 sanitation  demolition debris (couple of pieces 2x4's under two feet in length).
14. Defendant, Colin Cecil, again threatened Plaintiff with fines and or lien placed on property for grass being 7 inches tall via phone conversation.
15. On or about January 21st, 2022, Plaintiff, Jason Lee; Tackett, contacted Defendant, Colin Cecil, informing him that the Plaintiff was interested in purchasing 207 Powers St. and inquired as to why the property had been condemned.
16. Defendant, was unaware of why property had been condemned but told Plaintiff he would look into the causation.
17. Plaintiff purchased 207 Powers St. on Feb. 15th, 2022, Defendant still could not produce list of code violations.
18. On or about March 4th, 2022, Plaintiff was denied a list of code violations, Defendant stated no knowledge of condemnation on 207 Powers St. but Defendant would offer his services if Plaintiff would grant access on to property, which Plaintiff denied.
19. On or about April fifth or sixth, 2022 Plaintiff received a notice letter of condemnation dated March 31,2022 one letter via us mail and a duplicate copy posted on location along with red plackard dated March 9th, 2022, stating that 207 Powers St., was re-condemned for multiple code violations on Feb. 15, 2022 demanding written plan of action be submitted and approved by April 15, 2022, or
20. On or about April 25th, 2022, Plaintiff submitted detailed plan of action with drawings.
21. Plaintiff before becoming a minister in 2021, Plaintiff worked in or, owned and operated construction company in building trades, namely framing residential houses, and also union journeyman ironworker out of local 397 in Tampa, Florida, for total of 25 plus years. Plaintiff has also held foreman position for other companies.
22. On or about April 26th, 2022, Plaintiff received notice that he had been denied a permit.

Defendant stated that not only the area that he re-condemned it for but other than the walls, the wiring, the plumbing, mechanical, and statement saying this list not exhaustive of all possible requirements to remove condemnation status.

23. On or about March 20th, 2022, Defendant, Lorie Christian, made unexpected visit to Plaintiffs residence on duty and wearing town Marshall jacket, claiming that she was now code enforcement for the City of East Prairie.

24. On or about March 31 2023, Plaintiff received letter for minor code violations at 711 Mitchell St., along with automobiles not tagged and again threat of liens put on real estate by Defendant, Colin Cecil.

25. Plaintiff, Rachel Mclemore, had insurance on all automobiles, and tags on Ford focus. On April 4th, 2023, Plaintiff reported tags on focus lost possibly stolen.

26. Plaintiffs attended the following city hall meeting with intentions of expressing selective enforcement, Plaintiffs decided it was better not to voice their opinions after hearing Defendants discussing plans of burdening the people with fines or fees for code violations and most people will sign over deed to City to remove liens.

27. On or about June 15th, 2023, Plaintiff received another notice this time for code violations at 714 O'bryan St., for non safety issues minor compared to properties not pursued by the city. In notice Defendant includes statements threatening liens demolition and or fines.

28. On or about October 8th,2024, appox.4am, Plaintiff allows an associate access to 312 Folk St., for purpose of parking his automobiles on property until could store them himself, appox. 7am city police officer arrived at Plaintiffs residence at 711 Mitchell St. to inquire as to if Plaintiff had knowledge of automobiles at 312 Folk St., officer stated Defendant, Lorie Christian wanted to know and sent him over.

29. On or about October 9th, 2024, Plaintiff received phone call from Defendant, Colin Cecil, inquiring if Plaintiff had knowledge of automobiles parked at 312 Folk St., Plaintiff explained how let associate park automobiles on property till they could store themselves, and that Defendant, Lorie Christian had officer stop by the day before making sure we were aware of situation.

30. Defendant, Colin Cecil then said Defendant, Lorie Christian is also who informed him and that the Defendant was giving Plaintiff till end of the week to remove the automobiles from city limits or they would be seized.

31. On October 9th, 2024 Defendant, Colin Cecil after talking with Plaintiff went by each of Plaintiffs properties and then took pictures of minor code violations at 714 O'bryan St.,

32. On or about October 15th, 2024, Defendant, Colin Cecil, sent out two letters titled final notice of violation & correction order, one notice regular mail and the other via certified mail, in the notice sent certified mail, Defendant states that this notice was to be final notice from a June 30th, 2023 order regarding 714 O'bryan St.,

33. Plaintiffs again suffer harassment through arbitrary code violations and deceptive practices by Defendant, Colin Cecil for the City of East Prairie, pictures from October 9th, 2024, do not match pictures of violations on June 15th 2023, there is no June 30th, 2023, notice of violations concerning 714 O'bryan St.,.

34. On or about October 25th, 2024, Defendant, Colin Cecil sent another letter titled "legal action", stating legal procedures being pursued concerning 714 O'bryan St.,

35. On or about Feb. 5th, 2025, Plaintiff received via certified mail "second notice of condemnation" letter, stating that on March 9th, 2022, Defendant, posted the structure at 207 Powers St., thereby condemning the structure. And for no visible sign of work done Plaintiff ordered to demolish structure by March 31st, 2025.

36. Plaintiff reiterates that before Plaintiff purchased property at 207 Powers St., Plaintiff and Defendant spoke Defendant agreed to work with Plaintiff, Plaintiff purchased on Feb. 15th, 2022, then after denieng Plaintiff, list of violations Defendant condemned structure with out, notice ,list of violations, evidence supporting claims, and did not allow Plaintiff time to correct violations before condemnation on march 9th, 2022,

37. On or about March 24th, 2025, Defendant, Lorie Christian arrived at Plaintiffs residence accusing Plaintiffs of being in possession of stolen property, Defendant, Lorie Christian said many times

during encounter that Plaintiff needed to sell 312 Folk St.

38. Plaintiffs showed Defendant, Lorie Christian and other officer title for trailer plaintiffs had in their possession showing ownership belonging to Plaintiffs, Plaintiffs later find out no trailer was ever reported stolen.

39. On or about March 25th Defendant, Colin Cecil back at 711 Mitchell St. with arbitrary code violations with threats of liens, or fines, or demolition.

40. On or about March 31st, 2025 Defendant, Lorie Christian made another surprise visit uninvited visit, telling Plaintiff that he could not be at 207 Powers getting Plaintiffs possessions out or working on it after dark. Defendant told Plaintiff he should just sell the property 207 Powers St.,

41. Plaintiff started demolition of 207 Powers St., despite reservations Plaintiff had in hopes to stall long enough to awarded injunctive relief.

42. Plaintiff arrived at 207 Powers St., on April 9th, 2025,  to find 2002 chevy suburban was missing, Plaintiff went to City of East Prairie to report property missing, Plaintiff was put in room and read rights before being questioned about his possession of tag from ford focus the Plaintiff, Rachel Dawn; Mclemore  had reported lost or stolen back on April 4th,  2023, Plaintiff was made aware that officer knew Plaintiff had bought automobile from  "Marketplace".

43. Officer stated he was called to 207 powers for suspicious activity but officer admits there was none, officer then unlawfully seized Plaintiffs property without consent, without warrant, or just cause, there was no immediate danger, nor high speed pursuit violating Plaintiffs 4th and possibly 5th and 14th amendments

44. Plaintiff arrived at 207 Powers St., approx. 7pm on May 9th, 2025 with intentions of finishing by 10pm per noise ordinance, Defendant, Lorie Christian arrived. At 9:30pm telling Plaintiff she thought Plaintiff agreed and it was understood Plaintiff was not to be there working,Plaintiff raised concerns how they had already violated Plaintiffs rights and now stopping Plaintiff from working on property potentially risking Plaintiff from loosing more Property, Plaintiff was told by officer that accompanied Defendant that Plantiff could be arrested for disturbing peace even before noise ordinance depending if police received call about property ,Plaintiff asked officer if they could just change law depending if someone felt like calling police saying it bothered them. Officer answered Plaintiff yes they could.

45. Chief Christian has blurred the roles of police and code enforcement, at times acting as both, and wearing her "Marshall" jacket while preforming code enforcement duties.

46. These actions caused Plaintiffs significant financial loss, emotional distress, and physical harm, including a severe episode of virtigo following the loss of Plaintiff's automobile.

47. The above conduct is part of a broader pattern of unconstitutional practices by the City of East Prairie, which has failed to implement meaningful reforms despite changes in leadership and prior legal challenges.

**V.CLAIMS FOR RELIEF**

**Count I: Violation of Due Process (Fourteenth Amendment, 42 U.S.C. 1983)**

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Defendants acting under color of law and pursuant to official city policy or custom deprived Plaintiff of property without due process of law by failing to provide adequate notice, a list of alleged code violations, and an opportunity to be heard prior to the seizure and threatened demolition of Plaintiffs property.

50. This conduct violates Plaintiff's rights under 42 U.S.C. 1983. See Monell v. Department of Social Services 436 U.S658 (1978), Kiser v. Garrett, 853 F2d 1445 (8th Cir.1988).

**Count II: Unlawful Seizure (Fourth Amendment, 42 U.S.C. 1983).**

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Defendants, acting under the color of law, unlawfully seized Plaintiff's 2002 Chevy Suburban

without a warrant, probable cause, or lawful justification, and possible damage the automobile in the process.

53. This conduct violates Plaintiff's rights under the fourth and is actionable under 42 U.S.C. 1983; See Soldal v. Cook County 506U.S. 56 (1992) Baude v. leyshock, 23F-4th 1065 (8th Cir.2022).

### Count III; Harassment and abuse of authority (First and Fourteenth Amendments, 42 U.S.C. 1983).

54. Plaintiff incorporates by reference all preceding paragraphs.
55. Defendants, including the Chief of Police engaged in a pattern of harassment, including false accusations of theft, intimidation, and pressure to sell Plaintiff's property, as well as blurring the roles of law enforcement and code enforcement.
56. These actions were taken under color of law and constitute abuse of authority and retaliation for asserting legal rights, violating, Plaintiff's rights to free expression and due process.

### Count IV. Municipal Liability (42 U.S.C. 1983).

57. Plaintiff incorporates by refernce all preceding paragraphs.
58. The actions described above were the result of official policies, practices, or customs of the City of East Prairie, or were ratified by city officials, making the municipality liable under.Monell v. Department of Social Services, 436 U.S. 658 (1978).

### VI.PRAYER FOR RELIEF
**Wherefore, Plaintiffs pray that this Court:**

A. Declare that Defendants, actions, policies, and practices violated Plaintiffs rights under the United States Constitution, including the Fourth and Fourteenth Amendments.

B. Issue preliminary and permanent injunctive relief restraining. Defendants, their agents, and employees from:

- Further seizing, damaging, or theatening Plaintiff's property without due process or lawful justification:
- Enforcing any city policy or practice that deprives Plaintiff or similarly situated residents of constitutional rights without adequate notice and opportunity to be heard.

C. Award compensatory damages in an amount to be determined at trail for:

- The loss and damage to Plaintiff's property, including the 2002 Chevy Suburban:
- Emotional distress, humiliation, and physical harm suffered as a result of Defendants conduct.

D. Award punitive damages against individual Defendants for their willful, reckless, and malicious disregard of Plaintiff's constitutional rights.

E. Order that Defendants Colin Cecil and Lorie Christian, before returning to any code enforcement or law enforcement duties, must successfully complete court- approved training on constitutional rights, proper code enforcement procedures, and due process protections for property owners.

F. Order the City of East Prairie to establish and fund an independent civilian police academy or community oversight program, to be operated without city official control, with governance and curriculum developed by developed by community members and qualified outside experts, for the purpose of:

- Educating citizens and police about constitutional rights;

- Fostering dialogue andcooperation between law enforcement and the public trust.
- Ensuring ongoing respect for constitutional rights and rebuilding public trust.

G. Award Plaintiff reasonable costs and attorney's fees pursuant to 42 U.S.C. 1988 or other applicable law.
H. Grant such other and further relief as the Court deems just, proper, and equitable.

## VII. JURY DEMAND
Plaintiff respectfully demands a trial by jury on all issues so triable.

**Respectfully submitted,**

----------------------------------    ----------------------------------------

711 Mitchell St
East Prairie, MO 63845
(573)258-9315
Mc2922191@gmail.com

711 Mitchell St
East Prairie, MO 63845
(813)369-4269
reverendjasonltemplemosthigh@gmail.com

Plaintiff, pro se                    Plaintiff, pro se

Plaintiffs reserves all rights available under the law.