# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

Thursday, May 22, 2025    1:32 PM

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI SOUTHEASTERN DIVISION**

Rachel Dawn; McLemore
And
Jason Lee; Tackett
Plaintiffs
V.
City of East Prairie, Missouri, et al.,
Defendants

**RECEIVED**

JUN - 9 2025

U.S. District Court
Eastern District of MO
Cape Girardeau

Case No. _____

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS ( 42 U.S.C. 1983 )**

### I.  INTRODUCTION

This is a civil rights action brought under 42 U.S.C. 1983 and the United States Constitution to address ongoing violations of Plaintiffs constitutional rights by the City of East Prairie, Missouri, and its agents. Since 2020, Plaintiff Rachel Dawn; McLemore and Plaintiff Jason Lee; Tackett have experienced a persistent pattern of aggressive, arbitrary, and unlawful code enforcement and police actions carried out solely under the authority of city officials and local policy -not state or federal law. These actions include improper and warrantless seizure of Plaintiff's property, threats of property demolition and liens and/or full extent of the law, repeated denial of due process protections, harassment, and excessive use of force by city officials, including false accusations and intimidation.

Despite Plaintiff's numerous request for clear notice, a list of alleged code violations, and supporting evidence, city officials --including code enforcement officer Colin Cecil and police officers Lorie Christian and officer Blake -- have failed to prove basic procedural fairness. Instead, Plaintiffs have faced intimidation, threats, and was nearly arrested simply for reporting the unlawful seizure of Plaintiff's automobile. These actions have caused significant financial, emotional, and physical harm.

Importantly, these harms arise from the policies and practices of the City of East Prairie and its agents, not from state or federal mandates. The city's code enforcement and police departments act under local ordinances and direction of city officials, as confirmed by public records and the city's own published procedures. Despite changes in city leadership' these local policies remain unchanged, resulting in ongoing deprivation of property rights, lack of transparency, and erosion of public trust.

Plaintiffs note that Congress, through 34 U.S.C. 12601, has recognized the seriousness of patterns or practices of law enforcement misconduct that deprive individuals of constitutional rights. While enforcement of this statute is reserved to the U.S. Department of Justice and does not create a private right of action, its existence underscores the recognized need for systemic reform in cases of repeated constitutional violations by local authorities.

Since filing my original complaint, I have experienced a continued pattern of harassment and retaliation from local officials. Including Officer Blake. On June 3rd, 2025, after returning from getting pizza. Officer Blake arrived at my residence, ordered me to place my hands on my head, turn around, and walk backwards, handcuffed me so tightly that marks remained for over 72 hours, and accused me of a crime I did not commit. I do not own a gun and categorically deny the accusation.

This is the second time I have been falsely accused by City of East Prairie Police Officers, both times in front of my family and neighbors, causing significant harm to my reputation and emotional well-being.

I am a reverend and wish to establish a church in this community, but the ongoing harassment -- including the seizure of my automobile, repeated code violations, and the condemnation of my home-- has made it impossible for me to minister or live in peace. I am now at risk of losing my home, my belongings, and my ability to provide for myself.

I believe these actions are retaliatory and request that the court provide relief to stop this harassment, and any further violations of well established constitutional rights

## II. PARTIES

1. Plaintiff, Rachel Dawn; McLemore, is a resident of East Prairie, Missouri.
2. Plaintiff, Jason Lee; Tackett, is a resident of East Prairie, Missouri.
3. Defendant, City of East Prairie, is a municipal corporation responsible for the policies and practices challenged in this action. No state or federal entities are named as Defendants.
4. Defendant, Colin Cecil, is employed by the City of East Prairie.
5. Defendant, Lorie Christian, is the Chief of Police for the City of East Prairie.
6. Defendant, Officer Blake, is a Police Officer for the City of East Prairie.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. 1331 and 28 U.S.C. 1343 because this action arises under 42 U.S.C. 1983.
8. Venue is proper 28 U.S.C. 1391 because the events occurred in East Prairie, Mississippi county, Missouri.
9. The Defendant, City of East Prairie, and the claims arise from the policies and practices of the city, not the state or federal government.

## IV. FACTUAL ALLEGATIONS

10. Plaintiffs are roommates who own properties at 312 Folk St., 207 Powers St., 309 Herring St., 711 Mitchell St., 714 O'Bryan St., and 310 Imogene St. in East Prairie, Mississippi county, Missouri.
11. Plaintiff, Rachel Dawn; McLemore has continuously resided in  East Prairie, Missouri, since on or about 2012, and remains a resident in good standing.
12. Plaintiff, Jason Lee; Tackett has continuously resided in East Prairie, Missouri, since on or about October 15th, 2020, and remains a resident in good standing.
13. In 2020, on or around the time Lorie Christian, became Chief of Police, Plaintiffs began receiving repeated code violations, and threats of liens and demolition from the City of East Prairie, Missouri.
14. On or about October 22nd, 2020, Plaintiff, Rachel Dawn; McLemore, received letter stating the property at 312 Folk St., was condemned for various code violations, and threatened with the limits of the law.
15. Plaintiff, Rachel Dawn; McLemore,  purchased demo permit on October 28th, 2020, and complied and completed in alotted time frame.
16. On or about May 20th, 2021, Plaintiff, Rachel Dawn; McLemore, received a letter concerning 312 Folk St., stating that if Plaintiff doesn't comply with order penalties will be applied [ code violation 302.1 sanitation demolition debris ], a couple of pieces 2x4's under two feet in length.
17. Defendant, Colin Cecil, again threatened Plaintiff, Rachel Dawn; McLemore, with fines and or liens placed on property for grass being 7 inches tall. These threats were made by telephone call.
18. Plaintiff, Jason Lee; Tackett, after choosing a life dedicated to God on or about 2019, became ordained as a minister through the universal life church on or about 2022,
19. On or about Jan. 21st, 2022, Plaintiff, Jason Lee; Tackett, contacted Defendant, Colin Cecil, informing him that the Plaintiff was interested in purchasing the property located at 207 Powers St., inquired as to why the property had been condemned, and asked if Defendant would be willing to work with Plaintiff, as these answers would be what ultimately decides if Plaintiff would make the purchase.
20. Defendant, Colin Cecil, was unaware of any reasons that the property should be condemned, and had no information on property at all. Defendant, said he would be looking into the causation, and Defendant, had no problems working with Plaintiff, bringing 207 Powers St., out of condemnation status.
21. Plaintiff, Jason Lee; Tackett, purchased 207 Powers St., on or about Feb. 15th, 2022, Defendant, Colin Cecil,  still could not produce list of code violations.

22. On or about March 4th, 2022, Plaintiff, Jason Lee; Tackett, was denied a list of code violations, Defendant stated again he had no knowledge for condemnation on 207 Powers St., and offered Plaintiff, his services if Plaintiff would grant him access to the property, which Plaintiff denied.

23. Plaintiff secured structure preventing anyone to gain entrance.

24. On or about April 5th or 6th, 2022, Plaintiff, Jason Lee; Tackett, received a notice letter of condemnation dated March 31st, 2022, one copy delivered by mail and one posted on condemned structure, along with red plackard which was dated March 9th, 2022 and letter and plackard both claiming defendant re-condemned 207 Powers St., for multiple code violations on Feb. 15th, 2022, the day Plaintiff purchased property, demanding Plaintiff submit written plan of action by April 15th 2022, or Plaintiff will face fees and or liens and the demolition of Plaintiff's property.

25. On or about April 25th,2022  Plantiff, Jason Lee; Tackett, submitted detailed plan of action with drawings.

26. Plaintiff, Jason Lee; Tackett, before becoming a minister in 2022, Plaintiff,  worked in or, owned and operated construction companies in building trades, mainly framing residential houses, and also as journeyman ironworker out of local 397 in Tampa, Florida for a total of 25, plus years. Plaintiff has also held Forman position for other companies in the Tampa bay area.

27. On or about April 26th, 2022, Plaintiff, Jason Lee; Tackett, received notice that he had been denied a permit. Defendant, Colin Cecil, stated that not only the area that he re-condemned the for, not only the north and south wall but rafters, joist, the wiring, the plumbing, mechanical, and a statement written this list is not exhaustive of all possible requirements to remove condemnation status.

28. On or about March 20th, 2023, Defendant, Lorie Christian, made unexpected visit to Plaintiffs place of residence at 711 Mitchell St., on duty wearing her Marshall jacket, claiming that she was now code enforcement for City of East Prairie.

29. On or about March 31st, 2023,  Plaintiff, Rachel Dawn; McLemore, received a letter, a notice for minor code violations at 711 Mitchell St.,  along with automobiles not tagged , and again threats of lien on real estate by Defendants, Colin Cecil for City of East Prairie.

30. Plaintiff, Rachel Dawn; McLemore, had insurance on all automobiles and tags on Ford Focus, On April 4th, 2023, Plaintiff reported tags "lost" possibly stolen.

31. Both Plaintiffs attended the following city hall meeting with intentions of expressing selective enforcement, Plaintiffs, decided it was better not to voice their concerns, after hearing the Defendant, Colin Cecil, and mayor discussing plans of burdening the people with fines or fees, and how most would sign over deed to settle the debt and City of East Prairie would remove the liens.

32. On or about June 15th, 2023, Plaintiff, Rachel Dawn; McLemore, received another notice from the city, this time for code violations at 714 O'Bryan St., for non-safety issues minor in comparison to properties not pursued by the city. In notice threats of liens, demolition,  and or fines.

33. On or about October 8th, 2024, approx. 4 am, an associate of Plaintiffs, started parking his automobiles at 312 Folk St. as per agreement with Plaintiff, at approx. 7 am, a City of East Prairie Police Officer arrived at 711 Mitchell St., to inquire if Plaintiff, Rachel Dawn; McLemore, was aware of the automobiles being parked at 312 Folk St., Officer said Defendant, Lorie Christian had sent him to go check.

34. On or about October 9th, 2024, Plaintiff, received phone call from Defendant, Colin Cecil, inquiring if Plaintiff, Rachel Dawn; McLemore, had knowledge of automobiles parked at 312 Folk St., Plaintiff, explained how she let an associate park automobiles on the property so that they could have time to make arrangements to store the automobiles for themselves, and that Police Chief Lorie Christian, had an officer stop by the previous day, making sure Plaintiff was aware of the situation.

35. Defendant, Colin Cecil, then told Plaintiff that it was Defendant, Lorie Christian is also who informed him, and that the Defendant, Colin Cecil, was giving Plaintiff, till the end of the week to remove automobiles from within the city limits or they would be seized.

36. Defendant, Colin Cecil, after having talked to Plaintiff about automobiles, Defendant went by each of the Plaintiff's properties, and took pictures of minor arbitrary code violations at 714 O'Bryan St.,.

37. On or about October 15th, 2024, Defendant, Colin Cecil, sent out two letters titled final notice of violation & correction order, one notice regular mail, and the other copy sent certifided mail, in the notice sent certified mail, Defendant, states that this notice was to be final notice from a June 30th, 2023, order regarding 714 O'Bryan St.,

38. Plaintiffs, again suffer harassment through arbitrary code violations, and deceptive practices by, Defendant, Colin Cecil, for the City of East Prairie. Pictures from October 9th, 2024, do not match pictures of violations on June 15th, 2023, there is no June 30th, 2023, notice of violations concerning 714 O'Bryan St.,.

39. On or about October 25th, 2024, Defendant, Colin Cecil, sent another letter to Plaintiff, Rachel Dawn; McLemore, titled "legal action" stating legal procedures were being pursued concerning 714 O'Bryan St.,.

40. On or about Feb. 5th, 2025, Plaintiff, Jason Lee; Tackett, received a letter through certified mail "second notice of condemnation", stating that on March 9th, 2022, Defendant, Colin Cecil, posted the structure at 207 Powers St., thereby condemning the structure. And for no visible sign of work done, Plaintiff, was ordered to demolish structure by March 31st, 2025.

41. Plaintiff, Jason Lee; Tackett, reiterates that before he purchased property at 207 Powers St., both Plaintiff and Defendant spoke in which Defendant, Colin Cecil, agreed to work with Plaintiff, Plaintiff, purchased the property on Feb. 15th, 2022, then after denying Plaintiff, list of code violations, Defendant, condemned structure with out, notice, list of violations, evidence supporting claims, and did not allow Plaintiff, time to correct violations before condemnation on March 9th, 2022,

42. On or about March 24th, 2025, Defendant, Lorie Christian, arrived at Plaintiffs residence accusing Plaintiffs of being in possession of stolen property, Defendant, Lorie Christian said many times during the encounter that the Plaintiff, Rachel Dawn; McLemore, needed to sell 312 Folk St.,.

43. Plaintiffs showed Defendant, Lorie Christian, and other officer the title for the trailer the Plaintiffs had in their possession showing ownership belonging to the Plaintiffs. Plaintiffs then find out no trailer was ever reported stolen.

44. On or about March 25th, 2025, Defendant, Colin Cecil, back at 711 Mitchell St., with arbitrary code violations with threats of liens, or fines, or demolition.

45.

On or about March 31st, 2025, Defendant, Lorie Christian, made another surprise visit uninvited visit, informing Plaintiff, Jason Lee; Tackett, that he could not be at  207 Powers St., getting his things or working on property after dark, then Defendant, told Plaintiff he would be better off selling his property at 207 Powers St.,.

46. Plaintiff, Jason Lee; Tackett, started demolition despite reservations he had and in hopes to stall long enough to be awarded relief.

47. Plaintiff, Jason Lee; Tackett, arrived at 207 Powers St., on April 9th, 2025, to find his 2002 chevy suburban was missing, Plaintiff went to the City of East Prairie Police department to report the property missing. Plaintiff was shown into room by Defendant, Officer Blake, where Defendant read the Plaintiff his rights and questioning the Plaintiff, about a tag for an automobile that had been reported stolen

48. Plaintiff, Jason Lee; Tackett, explained that he was with Plaintiff, Rachel Dawn; McLemore, when she had reported the tag lost possibly stolen, but that one of the tags was recovered, and both Plaintiffs, had forgot  to report the tag as found. That's when Defendant, Officer Blake, called the Plaintiff, Rachel Dawn; McLemore, and confirmed Plaintiff's story.

49. During Defendant's, Officer Blake's, questioning he stated he was called out to 207 Powers St., on a suspicious activities report, but admits no such activities were happening, then proceeded to seize Plaintiff's property that was parked on Plaintiffs property with out warrant, or immediate danger, there was no high speed pursuit, nor probable cause or just cause to seize Plaintiff's automobile, violating Plaintiff's, 4th, 5th, and 14th amendment rights, and when Plaintiff, asked about his property, Defendant, did not give Plaintiff any reports or information as to where to retrieve Plaintiffs property.

50. Plaintiff, Jason Lee; Tackett, arrived at 207 Powers St., approx. 7pm, on May 9th, 2025, with intentions of finishing up by 10pm per noise ordinance, Defendants, Lorie Christian, and Officer Blake, arrived at 9:30pm telling Plaintiff, he was not to be working, Defendant, Lorie Christian, told Plaintiff that she thought Plaintiff understood that he was not to be there working.

51. Defendant, Officer Blake told Plaintiff he could arrest him for disturbing the peace, when Plaintiff questioned about the noise ordinance, Defendant told Plaintiff they could change the law depending if someone called them and they would come back and arrest the Plaintiff.

52. Defendant, Lorie Christian, has blurred the roles of police and code enforcement, at times acting as both, and wearing her "Marshall" jacket while performing code enforcement duties.

53. These actions caused Plaintiffs, significant financial loss, emotional distress, and physical harm,

including a severe episode of virtigo following the loss of Plaintiff's automobile.

54. The above conduct is part of a broader pattern of unconstitutional practices by the City of East Prairie, which has failed to implement meaningful reforms despite changes in leadership and prior legal challenges.

55. On or about June 3rd, 2025, Plaintiff, Jason Lee; Tackett, drove to a neighboring town to purchase pizza from Little Caesars.

56. Upon Plaintiff's return, before exiting his van, Defendant, Officer Blake, arrived at Plaintiff's residence.

57. Officer Blake, ordered Plaintiff to turn around, put his hands on his head, and walk backwards.

58. Officer Blake, placed Plaintiff in handcuffs so tightly that marks were still visible on Plaintiff's wrists four days later.

59. Officer Blake, accused Plaintiff of putting a gun in someone's mouth, an accusation Plaintiff categorically denies, as Plaintiff does not own a gun and did not commit such an act.

60. This is the second time Plaintiff has been pubicly and falsely accused of a crime by City of East Prairie Police Department, causing significant harm to Plaintiff's reputation and emotional well-being in front of family and neighbors.

61. Plaintiff is a reverend and aspires to establish a church in the community, but the ongoing harassment--- including false accusations, seizure of Plaintiff's automobile, repeated code violations, and condemnation of Plaintiff's home--- has made it impossible for Plaintiff to effectively minister to the community, or live peacefully.

62. Plaintiff believes this pattern of conduct is retaliatory and in response to Plaintiff's efforts to assert his rights and report wrongdoing.

## V. CLAIMS FOR RELIEF

### Count I. Violation of Due Process (Fourteenth Amendment, 42 U.S.C. 1983)

63. Plaintiff incorporates by reference all preceding paragraphs.

64. Defendants acting under color of law and pursuant to official city policy or custom deprived Plaintiff of property without due process of law by failing to provide adequate notice, a list of alleged code violations, and an opportunity to be heard prior to the seizure and threatened demolition of Plaintiff's property.

65. This conduct violates Plaintiff's rights under 42 U.S.C. 1983. See Monell v. Department of Social Services 436 U.S.C. 658(1978), Kiser v. Garrett, 853 F2d 1445 (8th Cir.1988).

### Count II. Unlawful Seizure (Fourth Amendment, 42 U.S.C. 1983)

66. Plaintiff incorporates by reference all preceding paragraphs.

67. Defendants, acting under the color of law, unlawfully seized Plaintiff's 2002 Chevy Suburban without warrant, probable cause, or lawful justification, and possible damage to the automobile in the process.

68. This conduct violates Plaintiff's rights under the fourth and is actionable under 42 U.S.C.1983 Soldal v. Cook County 506 U.S 56 (1992) Baude v. leyshock, 23F 4th 1065 (8th Cir. 2022).

### Count III. Harassment and abuse of authority (First and Fourteenth Amendments, 42 U.S.C. 1983)

69. Plaintiff incorporates by reference all preceding paragraphs.

70. Defendants, including the Chief of Police engaged in a pattern of harassment, including false accusations of theft, false accusations of assault with deadly weapon, intimidation, and pressure to sell both Plaintiff's properties, as well as blurring the roles of law enforcement and code enforcement.

71. These actions were taken under the color of law and constitute abuse of authority and retaliation for asserting legal rights, violating, Plaintiff's rights to free expression and due process.

### Count IV. Municipal Liability (42 U.S.C. 1983)

72. Plaintiff incorporates by reference all preceding paragraphs.

73. The actions described above were the result of official policies, practices, or customs of the City of East Prairie, or were ratified by city officials, making the municipality liable under, Monell v. Department of Social Services, 426 U.S.658(1978).

## VI. PRAYER FOR RELIEF
**Wherefore, Plaintiffs pray that this Court**

A.  Declare that Defendants, actions, policies, and practices violated Plaintiffs rights under the United States Constitution, including the Fourth and Fourteenth Amendments.

B.  Issue preliminary and permanent injunctive relief restraining Defendants, their agents, and employees from;

- Further seizing, damaging, or threatening  Plaintiff's property without due process or lawful justification.
- Enforcing any city policy or practice that deprives Plaintiffs or similarly situated residents of constitutional rights without adequate notice and opportunity to be heard.

C. Award compensatory damages in an amount to be determined at trail for;

- The loss and damage to Plaintiff's property, including the 2002 Chevy Suburban;
- Emotional distress, humiliation, and  harm suffered as a result of Defendants, conduct.

D. Award punitive damages against individuals for their willful, reckless, and malicious disregard of Plaintiffs constitutional rights.

E. Order that Defendants, Lorie Christian, Officer Blake, and Colin Cecil, before returning to any code enforcement or law enforcement duties, must successfully complete court -approved training on constitutional rights, proper code enforcement procedures, and due process protections for property owners.

dut

F. Order the City of East Prairie to establish and fund an independent civilian police academy, or community oversight program, to be operated without city official control, with governance and curriculum developed by community members and qualified outside experts, for the purpose of;
- Educating citizens and police about constitutional rights;
- Fostering dialogue and cooperation between law enforcement and the public trust.
- Ensuring ongoing respect for constitutional rights and rebuilding public trust.

G. Award Plaintiffs reasonable costs and attorney's fees pursuant to 42 U.S.C. 1988 or other applicable law.
H. Grant such other and further relief as the Court deems just, proper, and equitable.

## VII. JURY DEMAND
Plaintiffs respectfully demands a trail by jury on all issues so triable.

**Respectfully submitted,**

x _____

711 Mitchell St.,
East Prairie, MO 63845
(573)258-9315
Mc2922191@gmail.com

Plaintiff, pro se

x _____

711 Mitchell St.,
East Prairie, MO 63845
(813)369-4269
reverendjasonltemplemosthigh@gmail.com

Plaintiff, pro se

Plaintiffs reserve all rights available under the law.