Wednesday, June 11, 2025      11:53 AM

**IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI SOUTHEASTERN DIVISION**

Jason Lee; Tackett, Plaintiff pro se

V.

East Prairie, Missouri, et al.,
Defendants

Case no. 1-25-cv-00097-snlj

FILED

SEP 03 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH SUPPORTING AFFIDAVITS AND PLAINTIFF'S MOTION TO IMPOSES SANCTIONS ON DEFENSE COUNCIL FOR FALSE STATEMENTS AND OTHER CLERICLE ERRORS IN DEFENDANTS MOTION TO DISMISS AND PLAINTIFFS MOTION TO STRIKE DEFENSES FALSE STATEMENTS AND CLERICLE ERRORS FROM THE RECORDS**

### Introduction:

Plaintiff, Jason Lee, Tackett, opposes Defendants Motion to Dismiss in its entirety.The Second Amended Complaint and supporting Declaration plausibly allege a systemic, city-sponsored scheme to deprive property owners of their constitutional rights. As admitted by officials in a public forum. This states a valid claim under 1983 and the Monell doctrine. I will show the court that through their own admissions, and by their own documents, and some audio/video. I will show that the "city" has not been operating in good faith and has a reckless disregared for their own law they claim to represent. Plaintiff can further show the court that everything I have done since I became a resident five years ago, and prior to moving here has been done in good faith with good intentions I abide the law even though it is not my law. I neither made it nor ever voted on it or consented to it. But I follow the law. But the "city" makes it own laws, its actors claim to represent that law and the higher law of the land. They enforce "their" laws on who they choose. But do not hold themselves to the same standards, they only hold up the appearance of holding themselves to the same standard. Plaintiff would go as far as to say that Defendants violated rights and broke concepts of law that pre date written word and that the number of violations the city and its actors did to Plaintiff far exceeds four but to save time I have condensed the list to these four.

### Argument:

I.   THE COMPLAINT, Plausibly Alleges a constitutional violations under 1983. The core of a 1983 claim is the deprivation of a right secured by the constitution. Plaintiff has alleged four clear violations.

**A.** Violation of Due Process (14th Amendment): The Due Process Clause prohibits the deprivation of property without notice and an opportunity to be heard. *Cleveland bd. Of Educ. V. Loudermill* 470 U.S. 532, 542 (1985). Defendants own admitted scheme-to place liens and coerce deed transfers without hearings required by their own city codes-is a textbook violation of this clearly established right.

**A.** Violation of Equal Protection (14th Amendment) The government cannot arbitrarily target individuals for unfair treatment. The Admission by Code Enforcement officer that he don't know why "They" have him enforce codes on some and not others. ( as supported by witness statement) pleads a classic claim of arbitrary and discriminatory enforcement.

- Further Plaintiff has images of clear violations at property at 408Folk St. East Prairie clearly visible no more than one hundred fifty feet away from 312 folk which at the same time was and has been

receiving arbitrary violations. The difference being Police Chief Lorie Christian resides at 408 Folk St., as stated in witness affidavit along with images showing a time line  where blind eye was cast on the chief.

- And the chief's own actions concerning the violations on her property, shows she was fully aware of the unfair and unequal treatment shown by her actions where the chief moved and cleaned up violations the day before a court date with witness. Witness case was dismissed in court the following day the chief brought back the violations as stated in witnesses  affidavits and backed up by photographic proof. Again pleads a classic case of arbitrary and discriminatory enforcement.

II.  THE CITY IS LIABLE under 42 U.S.C. 1983 and the Monell v. Dep't of social services.
A municipality is liable under 42 U.S.C. 1983 when its "official policy or custom" cause a constitutional violation. 436 U.S.658, 694 (1978). Plaintiff has pled exactly that.

A.  **Official Policy;** The statements made by the Mayor and Code Enforcement at the April 13, 2023, public meeting constitute an official declaration of policy by final policymakers for the City. Their announcement of a coordinated plan is an "edict" that subjects the City to Monell liability.

B.  **Widespread custom;** The Code Enforcement admission of arbitrary targeting, combined with the official sanction of this practice at a public meeting shows a "persistent and widespread " practice that is "so permanent and well settled as to have the force of law".  Adickes v. S.H.Kress &Co., 398 U.S. 167(1970).

III.  THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.
Qualified immunity protects officials only if their conduct does not violated clearly established law.

A.  The right to due process before a property deprivation was clearly established decades ago by "Loudermill" and " Fuentes v. Shevin", 407 U.S. 67 (1972). No reasonable official could believe they could conspire to seize property without a hearing.

B.  The City's own code, which mandates hearings. Establishes the standard of conduct for its officials. Violating one's own rules cannot be considered objectively reasonable.

IV.   PUNITIVE DAMAGES ARE PROPERLY PLED AGAINST INDIVIDUAL DEFENDANTS.
While the City itself is immune from punitive damages (City of Newport v. Fact Concerts, Inc. , 453 U.S. 247 (1981). , the individual defendants are not. The alleged conduct-plotting a scheme to violate rights and admitting to arbitrary targeting-easily meets the standard of reckless or callous indifference required for punitive damages against officials in their personal capacity. Smith v. wade  461U.S. 30, 56 (1983)

V.  THE ILLEGAL AND UNLAWFUL  SIEZURE OF PLAINTIFF'S AUTOMOBILE.
Plaintiff opposes dismissal of the unlawful seizure claim because the complaint plausibly alleges the Defendant Officer Blake Garret (Officer John Doe) violated the Fourth Amendment

A.  The fourth amendment protects against this very thing. There was no probable cause to even be on my property. Officer Blake Garret formally know as Officer John Doe by his own admission was called out for suspicious activity but when he arrived there was no suspicious activity going on. So if Officer Blake could not articulate suspicious activity then why did he continue on to my property and allow someone to steal my property.

B.  The Lost/stolen tag is an administrative alert should be used for recovery or affidavits , but this alone is not sufficant for fourth amendment and courts consistently distinguished between past events and present criminality and there must be something the officer witnessed to go along with the lost/stolen tag alert to justify going onto private property and seizing Plaintiff's personal private property.

- The officers sole justification was an administrative alert for a lost or stolen license plate. This is directly analogous to the holding in People v. Hinshaw (2024) where the Court found an impound record alone did not provide reasonable suspicion because it indicated past event, not current criminality by the driver. Similarly, a stolen tag report is primarily an administrative issue for the DMV, requiring replacement applications and affidavits-not a law enforcement emergency demanding immediate seizure.

- Fourth Amendment requires seizures be based on reasonable suspicion of ongoing criminal activity. Here, the automobile was legally parked on Plaintiffs property, and Plaintiff possessed a valid permit to work on the property. The officer observed no evidence of hot wiring or broken windows or any other corroborating factors that would create a substantial chance of criminal activity in the present moment.

**VI.** ILLEGAL  SEARCH RETALITORY FISHING EXPEDITION AND EXCESSIVE FORCE IN APPLICATION OF RESTRAINTS

Plaintiff opposes dismissal of excessive force claim because the complaint alleges facts showing the use of force was objectively unreasonable under the circumstances, and that the officer was deliberately indifferent to Plaintiffs pleas for relief. In fact the search itself and the excessive force used both are violations of Plaintiffs Fourth Amendment right.

**A.** The search was conducted in violation of the Fourth because: First Plaintiff never consented to any searches or seizures. So where the Owner later gave Officer Blake consent to search the van. The owner never gave consent to anyone else. Here we have an off duty city police officer inserting himself into the investigation and conducting a search. We also have a Mississippi county officer going back to search even after Officer Blake returned control of the van back to owner. No Official acting in good faith would think it reasonable when searching for a firearm looking in places that no firearm could be. During the search took my wallet from me and search through all the zippers and pockets. When Plaintiff said "hey what are you doing there is no gun in there" the officers response was I am just doing my job. Which shows the officers total disregard for the constitution to which he should have taken an oath to uphold.

**B.** The excessive force claim should stand because Plaintiff voiced that the handcuffs were too tight. Plaintiff's concerns fell on deaf ears. And when plaintiff was about to be released, still in a lot of pain not only the wrists but shoulder was in a lot of pain. Again this time a bit more passionate Plaintiff said get these cuffs off me my shoulder is messed up. And the officers response was if you don't like it we can throw you back in the back off the police vehicle and take me to jail. Plaintiff said and what law have I broken this time. Which I believe is direct retaliation to Plaintiffs attempts of voice that what defendants were doing was wrong. Officers comment if you don't like it we can put you back in and take you to jail. Is yet another example of the reckless and callous disregard for the law

**C.** The Reasonable precaution claim ignores context the reasonableness of the force used (cuffs). Is judged against the government intrest if initial detention based on false and retaliatory investigations  then the entire bases for the search/ seizure is undermind you cannot justify force used in and unlawful detention.

**CONCULSION:**

For the forgoing reasons Plaintiff Jason Tackett, respectfully requests that this Court deny Amended Motion to dismiss in its entirety.

At this nascent stage of litagation Plaintiff's Second Amended Complaint must be viewed in the light most favorable to him. When viewed through thisrequired lense; the complaint pleads more than suffecient factual matter, excepted as true, to state plausible claims for relief that are beyond speculatitve level

Plaintiff has alleged a susstained pattern of conduct by agents of the City of East Prairie that, if proven constitues;

1. A warrantless seizure of his personal property in violation of the Fourth Amendment
2. A deprevation of his property intrest through a curoupt and arbitrary condemnation and enforcement process, without due process, in violation of the fourteenth Amendment.
3. A custom or policy of using code enforcement as a weapon to harrass and seize property, suffiecent to impose liablity on the municipality itself under Monell.

The defendants arguments asks this Court to weigh facts, assume the reasonableness of their actions, and adjudicate qualified immunity-all inquiries that are profoundly facted-intensive and premature at the 12(b) (6) stage. These are questions for summary judgement after Plaintiff has been affordad necessary to prove his allegations.

Plaintiff has met his burden to plead plausible claims for relief, he should be given the fair opportunity to which every litigant is entitled. The chance to develop the factual record through discovery too support the violations he has alleged.

Wherefore , Plaintiff respectfully prays that Defendants Amended Motion to dismiss be denied.

Respectfully Submitted,

Jason lee Tackett plantiff pro se
711 Mitchell Ave
East Prairie MO 63845
813 369-4269
Jltackett1980@gmail.com